UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE R. SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO PUBLIC LIBRARY, MICHAEL LAMBERT, and LAWRENCE LINDISCH,<br><br>    Defendants. | Case No. 23-cv-00211-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Now before the Court is the motion to dismiss Plaintiff Charlotte Sanders ("Sanders")'s complaint filed by the San Francisco Public Library ("Library") and individuals Michael Lambert and Lawrence P. Lindisch (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

**BACKGROUND**

Sanders alleges that she worked as librarian at the Library for 19 years, first as a frontline reference librarian and, for the five years prior to her termination, in the Collection Development Office. (Compl. ¶¶ 6, 9.) On March 16, 2020, the Library closed its public operation after the Presidential proclamation of a national state of emergency due to the COVID-19 pandemic. (*Id.* ¶¶ 11, 12.) Sanders was able to shift immediately to work remotely. (*Id.* ¶ 13.) On June 23, 2021, the City and County of San Francisco ("City") announced its COVID-19 vaccination policy, which mandated that all City employees report their vaccination status to the City by July 29, 2021, and be fully vaccinated no later than 10 weeks after the Federal Food and Drug Administration gave final approval to a vaccine. (*Id.* ¶ 16.) In September 2021, the City imposed

a vaccine mandate, requiring all employees to receive a COVID-19 vaccine unless they qualified for an exemption. (*Id.* ¶ 22.)

On October 1, 2021, Sanders submitted a request for religious exemption from the City's mandate. (*Id.* ¶ 24.) The exemption request detailed Sanders' "sincerely held religious belief that the use of aborted fetuses, or cells derived therefrom, in the vaccine process is gravely evil and that participating by permitting herself to be injected with those vaccines would compound that moral wrong." (*Id.* ¶ 26.) On October 7, 2021, a senior human resources manager for the Library, requested that Sanders submit a "Declaration of Support" from someone who knew of her faith and on October 13, 2021, Sanders submitted the requested declaration. (*Id.* ¶¶ 27, 28.) Sanders represents that she is a "non-denominational Christian who has been a practicing Christian since childhood and regularly attends church. She underwent an intense spiritual awakening in 2010. After much prayer and contemplation, Ms. Sanders stopped vaccinating that same year." (*Id*. ¶ 29.)

After several conversations about Sanders' medical history, on October 29, 2021, the Library denied the exemption request because: "(1) an accommodation would pose a direct threat to the health and safety of others and/or Ms. Sanders, (2) an accommodation would prevent Ms. Sanders from performing essential function(s), and (3) an accommodation would result in undue hardship for the City." (*Id.* ¶ 40.) In accordance with *Skelly v. State Personnel Board*, 15 Cal.3d 194 (1975 ("*Skelly*"), the City provided notice that it intended to terminate Sanders' employment for failure to comply with the vaccine mandate and held a hearing which upheld this decision. (*Id.* ¶¶ 41-44.) Defendant Lawrence Lindisch acted as the *Skelly* officer and upheld the City's decision to terminate Sanders. (*Id.* ¶ 44.) Defendant Michael Lambert allegedly affirmed Lindisch's findings and signed a letter dismissing Sanders on November 29, 2021, followed by a final notice of dismissal dated April 4, 2022. (*Id.* ¶¶ 46, 47.)

After exhausting her remedies with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Sanders filed this lawsuit 91 days later against the Library, and individuals Lindisch and Lambert. She asserts two claims for violation of the First Amendment's Free Exercise Clause pursuant to 42 U.S.C. section 1983, one against the Defendants in their

1  individual capacities and one in their official capacities. Sanders also asserts a claim for violation
2  of Title VII against the Library.
3        On May 9, 2023, Defendants moved to dismiss the complaint pursuant to Federal Rule of
4  Civil Procedure 12(b)(6) for failure to state a claim to relief that is plausible on its face.
5  Defendants contend that (1) Sanders' claim for violation of Title VII is time-barred because she
6  failed to initiate this lawsuit within 90 days of receiving a right-to sue notice;[1] (2) the Library is a
7  constituent department of the City and County of San Francisco and only the City may be sued in
8  a civil action pursuant to San Francisco Charter Article VIII, section 8.102, Article I, section
9  1.101; (3) Sanders' section 1983 official capacity claim is redundant as to Lindisch and Lambert
10 and should therefore be dismissed;[2] (4) Sanders' claim for violation of the Free Exercise Clause
11 against the Library should be dismissed as governmental entities are not subject to suit in their
12 individual capacities;[3] and (5) Sanders' claim for violation of the Free Exercise Clause against
13 Lindisch and Lambert in their individual capacities should be dismissed based on qualified
14 immunity.
15       The only remaining contentions for the Court to decide are: (1) whether the Library or the
16 City is the correct defendant to sue; and (2) whether the claim against the individual Defendants in
17 their individual capacities for violation of Sanders' Free Exercise rights is subject to dismissal
18 based on qualified immunity.
19       The Court shall address other relevant facts in the remainder of its order.

## ANALYSIS

**A.    Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most

---

[1] Defendants abandon this contention on the basis that the extra day was a holiday, and therefore the filing of the complaint was within 90 days and therefore timely.
[2] Sanders concedes that the official capacity claim against the two individuals is redundant and concedes their dismissal.
[3] Sanders again concedes that the Library is not subject to suit in its individual capacity and concedes to dismissal of this claim.

favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

**B.     Library is Not the Proper Defendant.**

Defendants contend that Sanders should have sued the City and not the Library. Although Sanders concedes that the City is the proper defendant as to her constitutional claims pursuant to Section 1983, she argues that the Library is the proper defendant under Title VII. Title VII imposes liability on employers, including governmental entities and agencies, who employ 15 or more employees. *See* 42 U.S.C. § 2000e(b).

Under the San Francisco Charter, only the City has the power to "appear, sue, and defend in all courts in all matters and proceedings." (Dkt. No. 25-2, Declaration of Adam Shapiro, Ex. B,

1  S.F. Charter Article I, § 1.101.)  Further, nothing in the statute and nothing offered by Sanders

2  provides that an unincorporated municipal department, which by Charter lacks the ability to be

3  sued, may be named as a defendant in a Title VII action.  The Court recognizes that the Library is

4  an agent of the City, which by its own Charter may be sued and defend may defend all claims

5  remaining.  Sanders' Title VII claim as well as her claim under Section 1983 may be brought

6  against the City, which has conceded that it is amenable to suit.   Accordingly, the Court

7  GRANTS Defendants' motion to dismiss the Library as the defendant and instead SUBSTITUTES

8  the City in its place.

**C.    Qualified Immunity.**

Defendants argue that the individual defendants Lindisch and Lambert are qualifiedly immune from liability for claims under Section 1983 in their individual capacities because they did not violate a clearly established right.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  It "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  To analyze qualified immunity, a court engages in a two-prong inquiry, asking whether a constitutional right has been violated and whether that right was "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009).  Whether a right is "clearly established" depends on whether the "contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*  Courts may choose which prong of this analysis to address first. *See Pearson*, 555 U.S. at 236-39.  Examining the second prong first may "expedite the resolution of the case" because the second prong may be decided as a matter of law. *Morales v. Fry*, 873 F.3d 817, 822-

1    23 (9th Cir. 2017).

2         A federal right is "clearly established" when, at the time of the official's conduct, the law
3    was "sufficiently clear that every reasonable official would understand" that what he or she was
4    doing was unlawful. *District of Columbia v. Wesby*, 138 S. Ct. 527, 589 (2018) (citations and
5    quotations omitted). For a right to be clearly established, the law must be "settled"—the
6    constitutionality "beyond debate"—with a sufficiently clear foundation in "then-existing
7    precedent." *Id.*; *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). It is not enough that the right in
8    question is "suggested" by precedent existing at the time of the official's challenged conduct.
9    *Wesby*, 138 S. Ct. at 590. Rather, a rule must be dictated by controlling authority or a "robust
10   consensus of cases of persuasive authority." *Id.* at 589-90 (citations and quotations omitted). The
11   precedent must be sufficiently clear so that "every reasonable official would interpret it to
12   establish the particular rule the plaintiff seeks to apply." *Id.* (citation omitted). The Court must
13   therefore ask whether every reasonable official in Defendants' positions would have known that
14   their specific actions were unconstitutional, given the particular facts that they faced and the
15   "precedent on the books." *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016) (citation and
16   quotation omitted); *see Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015) (noting that the second-prong
17   inquiry depends "very much on the facts of each case").

18        The first step in the determination whether a right is clearly established is to define the
19   right in question. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). A plaintiff bears the initial
20   burden of proving that the rights allegedly violated by defendants were clearly established at the
21   time of the alleged misconduct. *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *Houghton v. Smith*,
22   965 F.2d 1532, 1534 (9th Cir. 1992). "[T]he proper fact-specific inquiry . . . is not whether the
23   law is settled, but whether, in light of clearly established law and the information available to him,
24   a reasonable person in [the defendant's] position could have objectively believed his actions to be
25   proper." *Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991).

26        Sanders defines the right at issue as "the particular right of being free from religious
27   discrimination under policies that are not neutral and generally applicable." (Opp. Br. at 7, citing
28   *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868, 1877 (2021)). Defendants define

the right in question as "the right to work unvaccinated at a public institution during a pandemic." (Motion at 11.) The Court finds neither party's definition of the right at issue to be accurate. Rather, the right at issue is whether, in enforcing the City's mandate and religious exemption provisions, the individual defendants infringed Sanders' Free Exercise rights. The question whether the mandate was neutral on its face or whether the individual defendants performed their duties to enforce the mandate in a discriminatory way are still disputed issues. At this procedural posture, the Court cannot determine that the individuals, while performing their duties for the City during an unprecedented health crisis, would have known that their specific actions were unconstitutional. The Court has not made a determination whether enforcement of the City mandate and its specific decision to deny Sanders' religious exemption request violated her constitutional rights. There is clear case precedent for the finding that "the urgent public health needs of the community can outweigh the rights of an individual to refuse vaccination" during a health crisis. *We The Patriots USA v. Hochul*, 17 F.4th 266, 294 n.35 (2d Cir. 2021) (citing *Jacobsen v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905)). However, it is not clear whether in this particular instance the City's religious exemption provision and enforcement of that provision by these individuals violated the clearly established right to be free from discrimination based on the free exercise of religion. Accordingly, and at this procedural posture, the Court does not find that Defendants met their burden to show that the individual defendants Lindisch and Lambert are qualifiedly immune from liability for claims under Section 1983 in their individual capacities. Accordingly, the Court DENIES Defendants' motion to dismiss the individual Defendants in their individual capacities on the basis of qualified immunity as premature.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court does not find the suit was late-filed. The Court SUBSTITUTES the City in place of the Library as a named defendant. The Section 1983 official capacity claim against Lindisch and Lambert are DISMISSED as redundant. The Section 1983 claim as to the Library is DISMISSED as the governmental entity is not subject to suit in its

1  individual capacity.  Lastly, the Court DENIES the motion to dismiss the Section 1983 claim
2  against Lindisch and Lambert in their individual capacities as it finds the defense of qualified
3  immunity is premature.

**IT IS SO ORDERED.**

Dated:   September 5, 2023

_____
JEFFREY S. WHITE
United States District Judge